Mr. Chief Justice Shakkey
delivered the opinión of the Court.
The question in this case arises out of an application to appropriate money collected under executions. The defendants in error recovered judgment against one Eubank on the 13th of February, 1839, and sued out execution returnable to the next term, which was returned nulla bona. This was to April term,, 1839, and there was then a cessation of execution for one term only. After the October term, 1839, an alias issued, which was also returned nulla bona at the May term, 1840. An execution then issued against the plaintiff for costs, returnable to November term, 1840, at which term the plaintiff in error recovered his judgment, and sued out execution i;eturnable to May term, 1841. The plaintiff, Lucas, or his attorney, pointed out property to the sheriff, and insisted on his making the levy, and offered to give an indemnifying bond if necessary. Pending this levy, the defendants in error sued out another execution, and had it levied on the same property. The sheriff proceeded to sell, but the bid was not complied with, which fact he returned on the executions to the ne,xt term, so that the levy under both remained. In each case a venditioni exponas issued, and the *233 land was sold under both, and the question is, who is entitled to the money ? Lucas predicates his right on his superior diligence, and the defendant’s laches. The delay in prosecuting an execution may be so palpable as to furnish evidence of fraud, or the plaintiff may lose his lien by a voluntary stay, but no such negligence is imputable to the defendants in error. They seem to have prosecuted their execution with at least a tolerable degree of vigilance. The law has appointed the sheriff to execute final process, and it is his duty to find property if it is to be found, and the law presumes in favor of the discharge of his duty. The return of nulla bona was at least prima facie evidence that the defendant had no property. The defendants in error then stood in the attitude of judgment-creditors, who had several times sought for property, but were unable to find it. Lucas, however, by his superior knowledge, was enabled to designate property to the sheriff, and the defendants in error, learning that Eubank really had some property, had their execution levied on it also. The record does not furnish such evidence of laches as to deprive them of their lien. It is believed, that a judgment-creditor does not lose his lien, unless it be by some act of bis own, either of omission or commission. We cannot undertake to give preference to a junior judgment on anything short of palpable grounds. The law gives the preference, and we cannot disregard it without good cause. The levy in this case seems to have resulted rather from Lucas’s superior knowledge or skill, than from his superior diligence. Diligence is a great favorite with the law, but it presumes that superior knowledge will take care of itself. It is also said, that there was a doubt resting on the title of the property, and that Lucas, therefore, run the risk of encountering a law-suit. This is not sufficient to give him a preference. It turned out, that the property belonged to Eubank, and was liable to the elder lien. The doubt resting upon it could not changé the lien. This circumstance is rather calculated to relieve the defendants in error from the charge of negligence. It seems to have been so difficult to find property, that it is not surprising that they had failed. ■ The Court we think decided correctly in favor of the senior judgment-creditor, and the judgment must therefore be affirmed. ■